ELDRIDGE
*vs*
DUNCAN.

</div>

---

## Eldridge *vs* Duncan.

### ERROR TO THE BOURBON CIRCUIT.

*Bills of exchange. Evidence. Amendment.*

JUDGE EWING delivered the Opinion of the Court.

<div style="margin">

DEBT.

Case 36.

*December 10.*

The case stated.

</div>

DUNCAN recovered judgment in the Court below against Eldridge, on a bill of exchange of which Eldridge was the acceptor and Duncan the endorser, who took up the bill after it was protested for non-payment. The writ of error is prosecuted to reverse this judgment.

It appears, by the evidence in the cause, that Duncan and others, as the sureties of Samuel D. Scott, had become jointly bound with him, to the Branch Bank of the United States, at Lexington, on a note for five thousand dollars; that about the time the note fell due, Scott having in his hands $2500 in money, and the Bank being willing to purchase bills, payable at a future day, made an arrangement with Eldridge, by which he advanced the money to him, and Eldridge drew a bill for the amount, which was accepted by Scott, and Scott drew another bill on Eldridge which was accepted by Eldridge and endors-

ELDRIDGE
*vs*
DUNCAN.

Acceptor of a
bill of exchange
is responsible to
endorser who
takes it up tho'
it be merely ac-
commodation pa-
per.

ed by Duncan and others, for $2500, and both bills were sold to the Bank and the amount applied in payment of the note of $5000. Eldridge paid off the first bill, or the one in which he was drawer, when it fell due; and the other being protested, Duncan, the endorser, lifted it, and prosecutes this suit against Eldridge the acceptor.

As acceptor he is certainly responsible to Duncan, an endorser, who, on his failure and that of the drawer, to pay, was compelled to take up the bill, unless there is something in the transaction to change the order of responsibility. Though it was mere accommodation paper, yet the different parties who signed, as sureties, must be presumed to know the order of their responsibility and to look to all prior parties, in the order in which they stand, for their indemnity, upon the failure of the real principal. As endorser, therefore, of the accommodation paper of Scott, Duncan had the right to look to Eldridge, as acceptor of the same paper, for his indemnity.

Nor can the fact, that Duncan was the surety of Scott in the note that was lifted, nor his knowledge that the proceeds of the two bills were to be applied in that way, make any difference. Duncan had the right to call on Scott to pay off the note and discharge him entirely, or indemnify him, by counter security, or by procuring another to become bound before him, or to stand between him and danger. And whether he demanded it or not, Scott was morally bound to indemnify him, and has done so, by the arrangement which he made with Eldridge. Scott was the party accommodated, and the acceptance was made at his instance and request, and though Duncan was so far accommodated as to be relieved from his liability as joint surety on the note, that relief he had a right to demand, and it was afforded him by the name of Eldridge, not procured at his instance, or upon his further responsibility, other than that which his endorsement imposed. Nor was the acceptance without consideration, either upon the ground of benefit to Eldridge or disadvantage to Duncan. The former received the $2500 in cash, which otherwise might have been paid on the note, and the *time* for which the latter became responsible was extended, by reason of his contingent liability on the bill.

Had Eldridge, in consideration of the payment by Scott to him of $2500, and in further consideration that Duncan would become the surety of Scott upon a renewed note to the Bank, payable at 180 days, given his bond directly to Scott to stand between him and the note, it could not be questioned that he could be made liable to Duncan for the whole amount that he might have been made to pay to the Bank upon such renewed note. His acceptance of the bill places him in the same attitude and is sustained by precisely the same consideration; and he cannot escape from it, on the ground that Duncan was benefitted by the arrangement, as he had a right to demand and receive all the benefit that accrued.

The opinions expressed by the Circuit Court, in giving and refusing instructions, being consistent with the views here expressed, there is no ground for reversal on the merits.

Nor is there any ground for reversal, by reason of any of the opinions given by the Circuit Court, in permitting the answers of Eldridge to be read as evidence against him, or in allowing the declaration to be amended, or in refusing a continuance after the amendment was made.

The answers were the sworn statements of Eldridge, in relation to the matters in controversy in the suit, and are surely as competent and carry with them as much verity as his statements and confessions made out of Court. Nor was the reading of the amended bill, in the same case that the answers were made, as explanatory of the statements in the answer, improper.

*The answer of a def't. to a bill in chancery, is evidence in a suit at law, against the party making it—nor is it error to permit the bill to which the answer is a response to be read for the purpose of better explaining the answer.*

In the progress of the trial, it was perceived that there were no damages laid in the declaration; that there was a place left blank, where the amount should have been inserted; and the Court, on the motion of the plaintiff's counsel, permitted the amount which was stated in the writ to be inserted, it appearing that the writ had been issued before the declaration was filed, and refused a continuance of the cause which was moved for, after the amendment was allowed.

The statute of 1811, *Stat. Laws*, 311, after using language, clearly indicating an intention on the part of the Legislature to dispense with all formality in pleading,

not essential to the substantial merits of the controversy, and necessary to apprise the adverse party of the point or points intended to be relied on, provides, "But in all cases where the Court is of opinion that the parties cannot proceed to a fair trial on the merits of the cause, from a defect in the pleadings, either party may be allowed to amend, and if by such amendment the adverse party is taken by surprise, the trial, at his request, shall be continued to the next term, at the cost of the party in default."

It is not error to permit plaintiff to insert in his declaration the damages laid in the writ, even after the jury have been sworn—nor is such amendment ground for a continuance.

If the amendment, under the provisions of this statute, be deemed necessary, which is certainly questionable, we cannot doubt that within its spirit, if not within its letter, it was competent for the Court to allow the amendment, even after the jury were sworn and the trial had commenced. Nor could the defendant, by any possibility, be taken by surprise by such an amendment, by barely filling the blank in the declaration which had previously been stated in the writ. He had, therefore, no right to the continuance asked; for it is the *surprise* to which he may be subjected, and the consequent injury which he may sustain, by suffering the trial to progress after the amendment, and not the *substance* of the *amendment,* which entitles him to a continuance.

And though it would be better that all amendments should be made before the jury are sworn, and counsel might be held to some degree of vigilance in this respect, to prevent delay and confusion in the progress of the trial, we cannot doubt that the Courts may, in the exercise of a sound discretion, within the fair contemplation of the legislative enactment, at any time before the jury leave the bar to consider of their verdict, allow such amendments to be made to the pleadings as may be deemed necessary to a fair trial upon the merits, when no serious injury can accrue to the opposite party by such amendment.

It is, therefore, the opinion of the Court that the judgment of the Circuit Court be affirmed with costs and damages.

*J. Trimble* for plaintiff; *Owsley and Menifce* for def't.